UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MATTHEW CAPPOLA,

                                   Plaintiff,

    -against-

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                                   Defendants,

------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

RECEIVED
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff MATTHEW CAPPOLA, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff MATTHEW CAPPOLA is a thirty-one year old American citizen who resides in the State of New Jersey.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On April 24, 2009, at approximately 4:30 p.m., plaintiff was a lawful motorist operating his vehicle in the vicinity of 176th Street and St. Nicholas Avenue, New York, New York, when the defendant police officers pointed a gun at plaintiff's face, grabbed plaintiff, pulled him out of his vehicle, escorted him to the rear of his car, searched him and placed over tight handcuffs on his wrists. Thereafter, NYPD officers illegally searched plaintiff's vehicle.

13. Plaintiff requested that the defendant officers loosen his handcuffs because they were tight and causing severe pain. Plaintiff also requested medical attention. The defendant officers ignored plaintiff's requests, imprisoned plaintiff in an NYPD vehicle and transported plaintiff to an NYPD precinct.

14. NYPD officers imprisoned plaintiff in a holding cell at the precinct while plaintiff remained restrained by over tight handcuffs. Again, plaintiff asked the defendant officers to loosen his handcuffs and the defendants ignored plaintiff's requests. After approximately forty-five minutes, NYPD officers removed plaintiff from said cell, brought claimant to another cell and subjected plaintiff to a humiliating and unlawful strip search. The defendants compelled plaintiff to remove his clothing, lift his genitals, bend over, and spread his buttocks.

15. At approximately 6:00 p.m., the defendants released plaintiff without charging plaintiff with violating any laws.

16. All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

17. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, promoting, compensating and supervising its employees.

18. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding what constitutes probable cause to arrest individuals, and when to strip search individuals.

19. Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

20. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

21. As a result of the foregoing, plaintiff MATTHEW CAPPOLA sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

22. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

24. All of the aforementioned acts deprived plaintiff MATTHEW CAPPOLA of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1983.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. Defendants arrested plaintiff MATTHEW CAPPOLA without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

5

30. Defendants caused plaintiff MATTHEW CAPPOLA to be falsely arrested and unlawfully imprisoned.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff MATTHEW CAPPOLA's constitutional rights.

33. As a result of the aforementioned conduct of defendants, plaintiff MATTHEW CAPPOLA was subjected to excessive force and sustained physical injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants strip searched plaintiff MATTHEW CAPPOLA in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

36. Defendants thereby caused plaintiff MATTHEW CAPPOLA to be deprived of his right to be free from unlawful strip searches.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants had an affirmative duty to intervene on behalf of plaintiff MATTHEW CAPPOLA, whose constitutional rights were being violated in their presence by other officers.

39. The defendants failed to intervene to prevent the unlawful conduct described herein.

40. As a result of the foregoing, plaintiff MATTHEW CAPPOLA's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

43. As a result of the foregoing, plaintiff MATTHEW CAPPOLA was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

7

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

48. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of illegally strip searching citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, promoting, compensating and supervising its employees that was the moving force behind the violation of plaintiff MATTHEW CAPPOLA's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, promote, compensate and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

49. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MATTHEW

8

CAPPOLA.

50. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MATTHEW CAPPOLA as alleged herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MATTHEW CAPPOLA as alleged herein.

52. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff MATTHEW CAPPOLA was falsely arrested, unlawfully imprisoned, and illegally searched.

53. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MATTHEW CAPPOLA'S constitutional rights.

54. All of the foregoing acts by defendants deprived plaintiff MATTHEW CAPPOLA of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from unlawful strip searches;

    D. To be free from the failure to intervene;

55. As a result of the foregoing, plaintiff MATTHEW CAPPOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

58. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

59. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

60. Plaintiff has complied with all conditions precedent to maintaining the instant action.

61. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants arrested plaintiff MATTHEW CAPPOLA without probable cause.

64. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

65. As a result of the aforementioned conduct, plaintiff MATTHEW CAPPOLA was unlawfully imprisoned in violation of the laws of the State of New York.

66. As a result of the aforementioned conduct, plaintiff MATTHEW CAPPOLA suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. As a result of the foregoing, plaintiff MATTHEW CAPPOLA was placed in apprehension of imminent harmful and offensive bodily contact.

69. As a result of defendants' conduct, plaintiff MATTHEW CAPPOLA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendants made offensive contact with plaintiff MATTHEW CAPPOLA without privilege or consent.

72. As a result of defendants' conduct, plaintiff MATTHEW CAPPOLA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Unlawful Strip Search under the laws of the State of New York)

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Plaintiff was unlawfully strip searched in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

75. As a result of defendants' conduct, plaintiff MATTHEW CAPPOLA has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

78. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

79. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

80. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff MATTHEW CAPPOLA.

81. As a result of the aforementioned conduct, plaintiff MATTHEW CAPPOLA suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the false arrest and illegal strip search of plaintiff MATTHEW CAPPOLA.

84. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

85. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the false arrest and illegal strip search of plaintiff MATTHEW CAPPOLA.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

described herein.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

89. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

91. As a result of the foregoing, plaintiff MATTHEW CAPPOLA is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGTHTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

92. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. As a result of defendants' conduct, plaintiff MATTHEW CAPPOLA was deprived of his right to security against unreasonable searches, seizures, and interceptions.

**WHEREFORE**, plaintiff MATTHEW CAPPOLA demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages in an amount to be determined by a jury;

(C)  reasonable attorney's fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
June 30, 2010

>LEVENTHAL & KLEIN, LLP
>45 Main Street, Suite 230
>Brooklyn, New York 11201
>(718) 722-4100
>
>By: _____
>BRETT H. KLEIN (BK4744)
>
>Attorneys for Plaintiff MATTHEW CAPPOLA

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

MATTHEW CAPPOLA,

                                Plaintiff,

                                                                       Docket No.

      -against-

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                                Defendants,

-----------------------------------------------------------------------X


## COMPLAINT




**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100